IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                                17-CR-15-A

TYRONE PENNICK
          Defendant.

## GOVERNMENT'S REQUEST FOR AN UPWARD ADJUSTMENT/DEPARTURE OF THE RECOMMENDED GUIDELINE REANGE

### I.    PRELIMINARY STATEMENT

On October 17, 2018, the defendant was found guilty, by a jury, of all counts in the Indictment 17-CR-15-A.  On September 28, 2020 and September 29, 2020 a sentencing hearing was conducted before this Court. At the hearing, the government called several witnesses to testify as to the defendant's continuous and historical drug dealing, and the relation it had to his convicted conduct. In addition, the government called a witness who testified as to the defendant's solicitation to murder his co-defendant on Indictment 17-CR-15-A.

On August 2, 2021, the Court filed a Decision and Order regarding the sentencing hearing, and the sentencing factors. (See Docket 164).  On August 12, 2021, the United States Probation Department (USPD), filed a Presentence Investigation Report (PSR). (See Docket

165).. (See Docket 204). On January 30, 2024, the USPD filed a Revised PSR. (See Docket 209). In this PSR, the USPD determined the defendant's offense level to be a 35, and his criminal history category to be a III, resulting in a recommended guideline range of 210-262 months. (Docket 209, p. 20, par 56). The defense filed Objections to this PSR, and the government filed a response to these Objections. On March 23, 2024, the defense filed a reply to the government's response. (Docket 222).

The government now makes a request for an upward adjustment of this recommended guidelines. As set forth below, the defendant's current criminal history category of III far underrepresents his continued life long engagement in drug dealing, and criminal conduct involving violence. Further, when considering the factors under Title 18, United States Code, Section 3553(a), an upward adjustment of the defendant's recommended guideline sentence is warranted by this Court.

## THE GOVERNING LAW

Title 18, United States Code, Section 3661 provides that "[N]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of establishing an appropriate sentence." Accordingly, there is no restrictions on the evidence the Court may receive at the hearing, and the reliability or weight of the evidence is within the discretion of the Court.

Nonetheless, Courts have a statutory obligation to consider the guidelines along with other factors listed in Title 18, United States Code, Section 3553(a). See, United States v. Crosby, 397 F. 3d. 103, 111 (2d. Cir. 2005); Gall v. United States, 552 U.S. 38, 49 (2007). The framework in undertaking the Guidelines calculations is set forth in U.S.S.G. 1B1.1 and, in applying that framework, the judge is obligated to find all facts relevant to calculating the range and make determinations as to the sentencing range that applies to the defendant. The standard of proof for such a determination is preponderance of the evidence, see United States v. Garcia, 413 F.3d 201, 220 n.15 (2d Cir. 2005).

Pursuant to Guidelines § 1B1.3, "relevant conduct" includes:

(1) (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity

that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense,

* * * *

(3) all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions[.]

As is the request below, this preponderance of the evidence standard must be utilized by the Court in determining government requests for both upward adjustments as well as upward departures. See, United States v. Gigante, 94 F.3d 53, 56 (2d Cir. 1996); see also,

United States v. Cordoba-Murgas, 233 F.3d at 708; United States v. Nichols, 912 F.2d 598, 603 (2d Cir. 1990); United States v. Ruggiero, 100 F.3d 284, 290-291 (2d Cir. 1996).  For sentencing, "[t]he sentencing court's discretion is 'largely unlimited either as to the kind of information he may consider, or the source from which it may come.'"  United States v. Carmona, 873 F.2d at 574 (quoting United States v. Tucker, 404 U.S. 443, 446 (1972)).

A.      **Determining the Base Offense Level**

B.

The base offense level for drug trafficking under the Sentencing Guidelines depends upon the amount of drugs involved. U.S.S.G. § 2D1.1(c). Determining drug quantity is a task for the sentencing court, United States v. Olvera, 954 F.2d 788, 791 (2d Cir.), cert. denied, 505 U.S. 1211 (1992), and in performing that task it is not bound by jury findings or evidence presented at trial, but may consider any reliable proof. See, United States v. Madkour, 930 F.2d 234, 237 (2d Cir.), cert. denied, 502 U.S. 911 (1991).

In the PSR, the USPD found the defendant's offense level to be a level 35. Although the government previously argued for a much higher base offense level, based upon the amount of drugs trafficked in Indictment 10-CR-191, and also the defendant's solicitation to murder his co-defendant, the government does not object to the USPD's offense level determination.  However, based upon all the factors and circumstances of this case, much of what was presented at trial, and at the sentencing hearing, the government believes that such offense level should be increased, by way of an upward departure, under Title 18, United States Code, Section 3553(a), and as a result of the defendant having an under represented criminal history category.

**B**      **Upward Adjustment/Departure**

Once the proper guideline range is identified, Title 18, United States Code, Section 3553(a) requires that the Court impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)].  In determining the sentence, the Court must consider, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.  See generally 18 U.S.C. § 3553(a). In executing these statutory responsibilities, the Court is obligated to:   (1) identify the Guidelines range supported by the facts; (2) treat the Guidelines as advisory; and (3) consider the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a).  United States v. Ratoballi, 452 F.3d 127, 131-32 (2d Cir. 2006).

Considering the facts of our case, in conjunction with the factors set forth in 18 U.S.C. § 3553(a), an upward adjustment/departure from the recommended guidelines is warranted. For instance, the defendant's historical and continual dealing of multi-kilogram amounts of cocaine, and his obstructive role in the solicitation to murder his co-defendant Geneva Smith prior to trial, warrant an upward departure and variance of his sentencing guidelines.[1]  As shown by the defendant's criminal history, supported further by testimony at the sentencing

---

[1] As a result of Philip Perdue's testimony, there is ample evidence before this Court to find that the defendant solicited the murder of Geneva Smith. As such, under U.S.S.G. § 2 A1.5, the defendant's offense level would be, at least, a **37.** In any event, such facts, including this being the defendant's second time soliciting Perdue to murder another, would easily warrant an upward adjustment of the defendant's guidelines.

hearing, the defendant continually engaged in drug trafficking throughout his entire adult life; eventually taking on a leadership role in the distribution of multi-kilogram amounts of cocaine in Western New York, Houston, Texas, and Atlanta, Georgia. As seen from these facts, there appears to never be a time in the defendant's life when he wasn't selling large amounts of drugs, or when he was living, or attempting to live a law-abiding life.

The Guidelines also provide:

[A] sentencing court may depart from the applicable guideline range if . . . the court finds, pursuant to 18 U.S.C. § 3553(b)(1), that there exists an aggravating . . . circumstance . . . of any kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described.

U.S.S.G. § 5K2.0(a)(1).

A district court may vary from a Guidelines range pursuant to 18 U.S.C. § 3553(a). See, e.g., United States v. Cavera, 550 F.3d 180, 197 (2d Cir. 2008) (affirming upward variance from Guidelines justified by need for additional deterrence). In considering a request for a variance, a district court may consider any information pertaining to "background, character, and conduct." 18 U.S.C. § 3661. The Court may consider conduct underlying prior convictions, pursuant to § 3553(a)(1). See United States v. Reyes, 691 F.3d 453 460 (2d Cir. 2012).

Such information may include, inter alia, "[w]hether the defendant was pending trial or sentencing on another charge at the time of the instant offense," prior sentences not included in calculating the defendant's criminal history, and "[p]rior similar adult criminal

conduct not resulting in a criminal conviction." U.S.S.G. § 4A1.3(a) (2).   In determining whether a departure is appropriate, the Court may look to, among other things, "[p]rior similar adult criminal conduct not resulting in conviction," id. § 4A1.3(a)(2)(E), and "[commission of the instant offense while on bail or pretrial release for another serious offense," id. §4A1.3, n. (comment. 2(A)(iv)).

As determined by the USPD, without objection by the government, the defendant's criminal history category for his conviction under Indictment 17-CR-15-A is a level III. Based upon the circumstances of the defendant's case, his charged and uncharged criminal history, the government believes that a criminal history category of III far under-represents the true criminal history of the defendant. As a result, the government asks this Court to upwardly adjust the defendant's criminal history category to a VI to accurately reflect his actual past criminal conduct.

Section 4A1.3 of the Sentencing Guidelines "permits a sentencing court to depart upwardly when the applicable criminal history category does not adequately reflect the seriousness of a defendant's criminal past or the real danger of recidivist behavior." United States v. Thomas, 6 F.3d 960, 963 (2d Cir. 1993). Section 4A1.3(a) (1) states, "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted."

"The inadequacy of a defendant's criminal history category is not merely a permissible basis for an upward departure... [but] an 'encouraged' basis for such a departure." United States v. Simmons, 343 F.3d 72, 78 (2d Cir. 2003) (citing Koon v. United States, 518 U.S. 81, 94-95 (1996)). "In deciding whether to impose a departure on a ground that is encouraged, a sentencing court should ask, '[w]hat features of this case, potentially, take it outside the Guidelines' "heartland" and make of it a special, or unusual, case?"' United States v. Gayle, 389 F.3d 406, 409 (2d Cir. 2005) (quoting Koon, 518 U.S. at 95, which is turn quotes United States v. Rivera, 994 F.2d 942, 949 (1st Cir.1993) (Breyer, C.J.)). "Then, '[i]f the special factor is an encouraged factor, the court is authorized to depart if the applicable Guideline does not already take it into account.'" Gayle, 389 F.3d at 409 (quoting Koon, 518 U.S. at 96).

Thus, the Second Circuit has repeatedly affirmed upward departures where a sentencing court has concluded that a defendant's criminal history category under-represented the gravity of his prior criminal conduct or the likelihood of recidivism. See, e.g., United States v. Delmarle, 99 F.3d 80 (2d Cir. 1996); United States v. Kassar, 47 F.3d 562, 566 (2d Cir. 1995) (overruled on other grounds); United States v. Harris, 13 F.3d 555, 558 (2d Cir. 1994).

Here, there are several reasons why the defendant's criminal history score does not accurately reflect her true criminal history. First, the case against the defendant, under 10-CR-191-A was dismissed. This Court is well aware of the procedural history of that particular case as well as the government's decision to eventually dismiss that Indictment after the conviction of the defendant under the instant Indictment. Nothing in the record indicates that

the 10-CR-191-A Indictment was dismissed due to the lack of evidence or obvious innocence of the defendant. Instead, as revealed at the sentencing hearing, the defendant was the leader and organizer of the cocaine conspiracy charged in the 10-CR-191-A case, admitting to his participation to the FBI. . But for the unforeseen procedural circumstances surrounding the 10-CR-191-A case, the defendant would have easily been convicted for his involvement, and based upon his criminal history, at that time, been sentenced as a Career Offender under § 4B1.1. As such, his criminal history would have automatically calculated at a level VI, instead of III. See. § 4B1.1(b).

Further, as testified to at the hearing, the defendant is a recidivist drug dealer, who since an early age has sold large amounts of cocaine. The defendant was never held accountable for much of this drug dealing history, and continued to engage in such activity once released from jail, or on court supervision. There are no mitigating circumstances available to the defendant that would warrant a criminal history category of III. Instead, based upon the facts of this case, this Court can easily justify a criminal history category of VI, to adequately address the true nature of the defendant's past criminal history.

With a criminal history of VI, and the offense level of 35, determined by the USPD, then the new recommended guideline range would be 292 365 months. Considering the factors under 18 U.S.C. § 3553, along with the facts, circumstances, criminal history, criminal conduct, and character of the defendant in our case, the government requests that this Court impose a sentence of 365 months. In the government's opinion, such a sentence would be

reasonable and sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

## Conclusion

For the reasons set forth above, the government respectfully request this Court to upwardly depart from the recommended guideline range of 210-262, and impose a sentence of 365 months upon the defendant.


DATED:  Buffalo, New York, March 25, 2024.


TRINI E. ROSS.
United States Attorney


BY:    s/JOEL L. VIOLANTI
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5854
Joel.L.Violanti@usdoj.gov