# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,

-vs-

TYRONE PENNICK,

Defendant.          17-CR-00015

**DEFENDANT'S SENTENCING MEMORANDUM**

### Factors Supporting the Imposition of a Non-Guideline Sentence

In addition to the Court's required consideration of the statutory factors recited below, Mr. Pennick asserts the following grounds in support of a departure from a sentence in the otherwise-applicable Guideline sentencing range.

Mr. Pennick moves for a downward departure based on the cumulative effect of overlapping adjustments, as noted in his objections to the PSR, and as specifically recognized by the Second Circuit (*see, United States v. Lauersen*, 348 F.3d 329 [2nd Cir. 2003]; *United States v. Jackson*, 346 F.3d 22, 26 [2nd Cir. 2003]).

Consideration of uncharged "relevant conduct" results in a guideline range that over-represents defendant's criminal conduct and has a substantial effect on the sentencing range (*United States v. White*, 240 F.3d 127, 137 [2nd Cir. 2001]; *United States v. Cordoba-Murgas*, 233 F.3d 704 [2nd Cir. 2000]).

Further, when determining the sentence in this case it is appropriate to consider the amount of time spent by Mr. Pennick in pretrial detention and in local custody; 64 months in local custody following his conviction after trial, preceded by pretrial detention and home

incarceration during the pendency of the prior, now-dismissed indictment.  Both time spent in local jails during pretrial or presentence detention, as well as time spent in home confinement have both been found to be "extra" onerous, given the lack of programming, recreational opportunities, vocational resources, limited access to medical care, and other shortcomings of what is supposed to be, but often is not, short-term, temporary confinement.

Southern District of New York Judge Paul Oetken found that pretrial detention, which is more that 24 months served in local pretrial detention, was equivalent to serving three years in a well-run Bureau of Prisons facility.  That Court noted that "because it's been harsher than a usual period that it's more punitive, that it's essentially the equivalent of either time and a half or two times what would ordinarily be served" (*see*, New York Daily News, 5/24/21; https://www.nydailynews.com/new-york/ny-mcc-mdc-hard-time-20210524-cwatz 2asojglhm4cvjldbdx33e-story.html).

Mr. Pennick does not suggest that conditions in the local federal detention facilities in the Western District of New York mirror the horrendous conditions in the Metropolitan Correctional Center being considered by Judge Oetken, but at the same time the conditions in local facilities in which Mr. Pennick has been confined – including lack of educational, recreational, and vocational opportunities, lack of substance abuse treatment, and the absence of any rehabilitative programming – result in confinement under more severe conditions than those provided in a well-run Bureau of Prisons facility.

Mr. Pennick's local detention, beyond the usual, universal drawbacks, spanned the entire duration of the COVID pandemic, resulting in lock-downs and further restrictions on

services and movement.  While in local custody, Mr. Pennick contracted COVID, not surprisingly, given the unavoidable, constant daily exposure to the virus.

Mr. Pennick contends that these exacerbated conditions of confinement violated constitutional requirements under the Due Process Clause of the Fourteenth Amendment (*see Mays v. Dart*, 974 F.3d 810, 819 [7th Cir. 2020]) because " . . . a pretrial detainee . . . cannot be punished at all, which the Eight Amendment allows for prisoners, much less can he be punished 'maliciously and sadistically' (*Kingsley v. Hendrickson*, 576 U.S. 389, 400-401 [2015])" (*Stewardson v. Cass County*, 2021 WL 878726 at *7 [N.D. Indiana 2021]).

Defendant respectfully contends that, when calculating the balance of the sentence in this case, as Judge Oetken did, this Court should assign Mr. Pennick more than a day of credit for each day of local incarceration or home detention served.  Mr. Pennick contends that at least 1½, or more appropriately 2 days credit per day of local incarceration is the correct time calculation, and requests that the Court apply such calculation.

Mr. Pennick also contends that the guidelines calculations that rely on the testimonies of Mr. Perdue and Mr. Cherry overstate his criminal conduct and therefore, his appropriate guideline range.  Mr. Pennick is unable to effectively challenge allegations by Mr. Cherry, absent discovery that he demanded but was not provided, violating his right to be sentenced based on reliable information and his Fifth and Sixth Amend rights to confrontation and to challenge the evidence being used against him.  As argued in his objections to the PSR, Mr, Pennick contends that the controlled substances Mr. Cherry testified to receiving from him actually came from another individual, which defendant contends, the recording of the in

camera application for the search warrant of his home would reveal, although the government refused to supply the same either in voluntarily discovery or in response to defense subpoenas.

Even if Mr. Cherry's and Mr. Perdue's testimonies were sufficient to withstand objection, defendant contends that based on the factors argued herein and in the defendant's objections, the Court should exercise its discretion to decline to consider that testimony and information for sentencing purposes.

As noted in his objections to the PSR, Mr. Pennick contends that the Court should decline to based the calculation of his sentence based on the conduct alleged but never tested relative to the now-dismissed prior indictment.

Mr. Pennick contends that, when evaluating the statutory sentencing factors below in light of the grounds for non-guideline sentence set forth above, the combination of those factors considered cumulatively warrants imposition of a non-guideline sentence, even if none of the factors standing alone would (*United States v. Rioux*, 97 F.3d 648, 663 [2nd Cir. 1996]).

### Statutory Sentencing Factors

Pursuant to 18 U.S.C. § 3553(a), when fashioning a sentence sufficient but not greater than necessary, the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed:

(a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(b) to afford adequate deterrence to criminal conduct;

(c) to protect the public from further crimes of the defendant; and

(d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court must then impose a sentence sufficient, but not greater than necessary, to comply with the statutory purposes set forth above.

### Disclosure of Probation's Sentencing Recommendation

Defendant also moves for disclosure of the Department of Probation sentencing recommendation that is provided to the Court in camera, and the underlying basis for it, so that the defense might appropriately respond to it.  Denial of access to this recommendation would violate the defendant's Fifth and Sixth Amendment rights to the effective assistance of counsel and his constitutional right to due process.  The potential prejudice from the absence of an opportunity for the defendant to be heard relative to any recommendation is exacerbated where, as here, sentencing is to take place under the provisions of a guideline that the Second Circuit has recognized as "irrational," "eccentric," and "inherently suspect."

For example, if the undisclosed recommendation is based on either faulty or missing factual information, defendant should be permitted an opportunity to challenge the basis for such recommendations and is entitled to the single-minded advocacy of counsel to raise such arguments, not simply an assurance that the Court will not rely on improper factors when arriving at the appropriate sentence.  The defense is presently not in position to allege that

information relied upon in the probation sentencing recommendation is either faulty or missing, since the recommendation has not yet been disclosed.

Rule of Criminal Procedure 32(d)(3) identifies three types of information that must be excluded from the presentence report: "(A) any diagnoses that, if disclosed, might seriously disrupt a rehabilitation program; (B) any sources of information obtained upon a promise of confidentiality; and (C) any other information that, if disclosed, might result in physical or other harm to the defendant or others."

If the probation officer believes that information meets the above criteria and should be withheld from the presentence report, prior to completing the report and disclosing it to the defendant and counsel the officer must provide the court with a written statement of the facts to be withheld from the report and a proposed summary of the facts. If the court agrees that the information should be withheld, the court is required to provide a written summary of the factual information that will be relied upon in determining sentence. Additionally, the court must provide the defendant and the attorney for the government an opportunity to comment. The court may order that the summary of the excluded information be included in the presentence report. If so ordered, the summary is preceded with this comment: "The following is the court's summary of information withheld pursuant to Rule 32 of the Federal Rules of Criminal Procedure."

Standardly however, in this district information not exempted from disclosure is excluded from the PSR and provided to the court in camera, most notably, the probation officer's sentencing recommendation, material for which Rule 32 provides no disclosure

exemption. Defendant contends that if such information is not disclosed to the defendant or the government in sufficient detail to permit a response, it should not be used by the court when fashioning the sentence in this case.

Defendant therefore moves for disclosure of the probation officer's sentencing recommendation to the court, together with a reasonable opportunity to respond to such recommendation prior to sentencing.

Dated: March 25, 2024

Respectfully submitted,

s/Donald M. Thompson
**EASTON THOMPSON KASPEREK SHIFFRIN LLP**
16 West Main Street, Suite 243
Rochester, New York 14614
(585) 423-8290