# MANDATE

24-1606-cr
United States v. Pennick

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand twenty-six.

PRESENT:  DENNIS JACOBS,
                  BARRINGTON D. PARKER,
                  RAYMOND J. LOHIER, JR.,
                          *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

                  *Appellee*,

          v.                                              No. 24-1606-cr

TYRONE PENNICK,

                  *Defendant-Appellant*.[*]

------------------------------------------------------------------

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

**MANDATE ISSUED ON 06/30/2026**

FOR DEFENDANT-APPELLANT:    MICHAEL A. LEVY, Sidley
Austin LLP, New York, NY

FOR APPELLEE:    MONICA J. RICHARDS, Assistant
United States Attorney, *for*
Michael DiGiacomo, United
States Attorney for the
Western District of New York,
Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part.

Tyrone Pennick appeals from the June 11, 2024 judgment of the United States District Court for the Western District of New York (Arcara, *J.*) convicting him after a jury trial of one count of conspiracy to distribute and possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; one count of possession with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2; and one count of maintaining a drug-involved premises in violation of 21 U.S.C. §§ 856(a)(1) and 856(b).  The District Court sentenced Pennick principally to a term of 310 months'

2

imprisonment.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

## I.     Disclosure of the Search Warrant Application

Pennick first challenges the Magistrate Judge's refusal to disclose a search warrant application based on the sworn testimony of a confidential informant. Pennick maintains that the refusal to do so improperly deprived him of a meaningful opportunity to contest the issuing judge's probable cause determination and to suppress the evidence gathered during the search.  We are not persuaded.

"Disclosure is a matter which lies within the sound discretion of the district court."  *United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).  We do not apply a "fixed rule" in this context "[b]ecause the need for disclosure varies with the circumstances of each case."  *Id.*; *see Roviaro v. United States*, 353 U.S. 53, 61–62 (1957).  District courts generally balance "the public interest in protecting the flow of information against the individual's right to prepare his defense," considering such factors as "the crime charged, the possible defenses, [and] the

3

possible significance of the informer's testimony."  *United States v. Jackson*, 345

F.3d 59, 70 (2d Cir. 2003) (quotation marks omitted).

Here, the Magistrate Judge determined that releasing the search warrant

application would expose the confidential informant's identity and jeopardize

their safety.  The Magistrate Judge also observed that "[t]he need for disclosure is

far less compelling when, as here, it is sought in connection with a pretrial

suppression hearing on issues which do not bear on [a] defendant's guilt."  Spec.

App'x 11 (quoting *Fields*, 113 F.3d at 324).  Moreover, the Magistrate Judge

"mitigate[d] any concern that the informant's testimony would in fact be useful

to the defense" by conducting an *in camera* review of the search warrant

application and determining that the warrant was supported by probable cause.

*Fields*, 113 F.3d at 324; *see United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983).  The

Magistrate Judge did not abuse his discretion in denying Pennick's motion for

disclosure of the search warrant application.[1]

---

[1] We therefore need not address whether Pennick adequately alleged a reasonable
expectation of privacy to challenge the search under the Fourth Amendment.

4

## II.    Confrontation Clause

Pennick next argues that his constitutional right to confront the witnesses against him was violated when the District Court admitted the testimony of a detective who recounted the post-arrest statements of an unavailable witness, Geneva Smith, and identified her home address.  The Government used that testimony to establish that Smith lived in a home the police searched but failed to find drugs or drug paraphernalia.  The Government pointed to the absence of drugs or related paraphernalia to prove that Pennick and not Smith controlled the drug trafficking operation.  "Alleged violations of the Confrontation Clause are reviewed *de novo,* subject to harmless error analysis."  *United States v. Vitale*, 459 F.3d 190, 195 (2d Cir. 2006).  A Confrontation Clause violation is harmless if the reviewing court is "satisfied beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained."  *United States v. Lee*, 549 F.3d 84, 90 (2d Cir. 2008) (cleaned up).  Assuming without deciding that Pennick preserved his Confrontation Clause challenge, we conclude that the admission of Smith's home address was "harmless beyond a reasonable doubt." *Vitale*, 459 F.3d at 195 (quotation marks omitted).

5

The Government elicited overwhelming evidence that Pennick was the source of the two kilograms of cocaine recovered from Smith's car.  Officers observed Smith entering Pennick's home without a bag and leaving with a bag; later that day they found cocaine in a bag in Smith's car.  Officers also searched Pennick's home and recovered drug paraphernalia, including a metal kilogram press, a digital scale, and various drug packaging materials.  A witness also testified that he assisted Pennick in selling cocaine on multiple occasions.  And although the Government referred to the search of Smith's home briefly in its closing remarks, the Government's argument focused on the testimony of other witnesses, police officers' direct observations, and evidence recovered from Pennick's home.  Based on our review of the trial record, therefore, we are "satisfied beyond a reasonable doubt" that any constitutional error that the District Court may have committed in admitting testimonial evidence of Smith's address was harmless.  *Lee*, 549 F.3d at 90 (quotation marks omitted); *see also United States v. McClain*, 377 F.3d 219, 223 (2d Cir. 2004).

### III.    Procedural Unreasonableness

Turning to his sentence, Pennick claims that it was procedurally unreasonable for two reasons: first because the District Court engaged in

improper double-counting when it approximated the quantity of drugs involved

in his offense, and second because the District Court did not sufficiently consider

the time he spent in pretrial custody.

"Because a district court's determination of drug quantity is a finding of

fact, our review is limited to clear error." *United States v. Jones*, 531 F.3d 163, 176

(2d Cir. 2008). Following a *Fatico* hearing, the District Court calculated the

relevant drug quantity as "approximately four kilograms" by adding together

"two kilograms seized from Smith, at least one kilogram sold to Donnell Cherry,

and more than one kilogram as evidenced by the $49,000 in currency seized from

[Pennick's] residence." Spec. App'x 28. Pennick argues that the District Court

double-counted the cocaine exchanged between Pennick and Cherry and the

cash recovered from Pennick's home, with no finding that the cash was not the

proceeds of the cocaine Pennick and Cherry exchanged.

The District Court did not sufficiently describe why it thought the $49,000

was the result of another drug transaction and not the proceeds of the cocaine

that Pennick sold to Cherry. While drug quantity can sometimes be "inferred

from seized currency," *Jones*, 531 F.3d at 175, a district court's estimate must be

based on "specific evidence," such as "drug records, admissions[,] or live

7

testimony," *United States v. Shonubi*, 998 F.2d 84, 89 (2d Cir. 1993). The court can rely on "direct or circumstantial" evidence, *Jones*, 531 F.3d at 175, but its finding cannot be predicated on mere "speculation," *Shonubi*, 998 F.2d at 90. Even though the District Court referred to the cash proceeds as evidence of "*another kilogram of cocaine*," Spec. App'x 28 (emphasis added), it failed to either explain its inference or point to evidence that the kilogram of cocaine was connected to a separate drug transaction, *see United States v. Spencer*, 4 F.3d 115, 120 (2d Cir. 1993). Without a clear basis in the record for the District Court's inference, we are left to conclude that its finding rested on impermissible "surmise and conjecture." *Shonubi*, 998 F.2d at 90.

We thus conclude that the District Court clearly erred in approximating the drug quantity attributable to Pennick. We therefore vacate and remand to the District Court to conduct its calculation of drug quantity anew, and to resentence Pennick.

Given our remand we need not decide whether the District Court failed to meaningfully consider Pennick's time served in pretrial custody for a prior, dismissed indictment.

We have considered Pennick's remaining arguments and conclude that they are without merit.  For the foregoing reasons, we AFFIRM Pennick's conviction but VACATE and REMAND this case for further sentencing proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

9